## A. B. HUTCHINS *v.* BARRE WATER Co., and TR.

### October Term, 1901.

Present: TAFT, C. J., ROWELL, TYLER, MUNSON, START, WATSON and
STAFFORD, JJ.

Opinion filed November 29, 1901.

*Corporations—Conveyances by—Execution of—Taxation.*

The conveyance of a private corporation must be executed in the
name of the corporation and not in that of the agent appointed to
execute the same. Sealing the instrument with the corporate seal
is not sufficient.

On April 1st, 1899, the city of Barre was in possession of the water-
works in question, under an unacknowledged and unrecorded writ-
ten contract which purported to be the contract of the defendant
corporation, but which was signed by the defendant's agent in his
own name as agent, in the presence of two attesting witnesses;
the instrument was sealed with the corporate seal, and provided
that upon the purchase price being subsequently determined and
paid as therein specified, the defendant should execute the nec-
essary conveyances to give the city full title to the property. One
of the listers of the town of Barre, in which a part of the property
was located, had notice from an officer of the city that the city
claimed to own the property. It did not appear that the purchase
price had been determined or paid. *Held*, that the contract was
not sufficient to convey the title and that the property was prop-
erly listed to the defendant.

ASSUMPSIT, by trustee process, for taxes. Plea, the gen-
eral issue. Judgment, *pro forma*, for the plaintiff on an
agreed statement of facts at the March Term, 1901, Washing-
ton County, *Watson*, J., presiding. The defendant excepted.

*William Wishart* and *Gordon & Jackson* for the de-
fendant.

The agreed statement shows that the city was both the
owner and possessor of this property on April 1st, 1899. If

any person or corporation was assessable on account of it, it was the city of Barre.   V. S. 368.

The statute is mandatory.   The assessors must ascertain who is really the owner or occupant.   *Hamilton* v. *Fond du Lac,* 25 Wis. 496.

The party in possession and enjoying the profits should pay the tax.   *Farber* v. *Purdy,* 69 Mo. 601; *Anderson* v. *Harwood,* 47 Mo. App. 660; *Miller* v. *Corey,* 15 Ia. 166; *Morrison* v. *McLaughlin,* 88 N. C. 251; *Yancey* v. *Hopkins,* 1 Munf. (Va.) 419.

The defendant in a tax suit may show by parol that the lands are not set to the proper person.   *Abbott* v. *Lindenbower,* 42 Mo. 162; *Hume* v. *Wainscott,* 46 Mo. 145.

Although the contract was not on record, the listers had notice of the transfer, and this is sufficient.   *Steward* v. *Thompson,* 3 Vt. 255; *Ludlow* v. *Gill,* 1 D. Chip. 49; *Leach* v. *Brattles,* 33 Vt. 195; *Corliss* v. *Corliss,* 8 Vt. 373; *Holley* v. *Hawley,* 39 Vt. 532; *Brackett* v. *Waite,* 6 Vt. 411; *Hill* v. *Murray,* 56 Vt. 177.

The listers were the proper persons to notify.   *Thompson* v. *Garrish,* 57 N. H. 85; *Ainsworth* v. *Dean,* 21 N. H. 407.

Recording is not an essential element in the transfer of title to real estate. *Sowles* v. *Butler,* 71 Vt. 278; *Orr* v. *Clark,* 62 Vt. 136.

In *Pitkin* v. *Parks,* 54 Vt. 301, the purchaser took possession under his deed March 10th.   The deed was filed for rercod, but not recorded.   On April 4th the deed was withdrawn and destroyed.   Neither the selectmen nor the listers had any notice that the deed was on file.   The listers set the property to the grantor, and it was held that the tax was void.

An unacknowledged deed is valid between the parties and against all persons with notice.   1 Devlin on Deeds, ss. 464, 465.

*R. M. Harvey* and *E. M. Harvey* for the plaintiff.

The sale and purchase of this property, and the notice referred to, one or both, did not have the effect to transfer the property from the defendant to the city for the purposes of taxation.  V. S. 368, 422, 426.  Neither the Barre Water Company nor the city of Barre were residents of the town of Barre on April 1st, 1899.

The instrument is nothing but an agreement to sell.  No title was conveyed.  The purchase price had not been fixed, and the Barre Water Company remained the owner.

WATSON, J.  The tax in question was assessed in 1899 on real estate situated in the town of Barre.  It is agreed that there was a compliance with all the provisions of law essential to a valid tax, provided the property was legally set in the grand list to the defendant.  The defendant says that in May, 1898, it sold its entire water plant, including the real estate on which this tax was assessed, to the city of Barre, by a certain written contract, a copy of which is made a part of the agreed statement of facts, by reason whereof said real estate was illegally listed to the defendant.  It is contended that the contract, as executed, is in form to make it a good and valid deed under the statute, save only that it lacks an acknowledgment; —that it was properly signed and sealed by the defendant, and has the required number of witnesses to convey the real estate. It is further contended that, although the instrument lacked an acknowledgment, one of the listers of the town of Barre was notified, on or about the 1st day of April, 1899, by the city, through its clerk, acting under the directions of the city council, that the city owned and was possessed of all of said property, and that therefore the fact that the contract was unacknowledged was immaterial.  The contract was not recorded in the land records of the town; but this fact is also said to be immaterial, for the same reason.  However, it is not necessary

to consider all of these questions in the determination of the case. The defendant is a private corporation, and it can convey real estate only by a deed executed in the manner prescribed by statute,—by an agent appointed by vote for that purpose. V. S. 2212; *Wheelock* v. *Moulton,* 15 Vt. 519; *Isham* v. *Iron Co.,* 19 Vt. 230; *Miller* v. *Railroad Co.,* 36 Vt. 452.

The conveyance must be in the name of the principal. A deed in the name of the agent is not a conveyance by the corporation. *Roberts* v. *Button,* 14 Vt. 195. Nor does the sealing of a deed with the corporate seal import or include a signing by the corporation. *Isham* v. *Iron Co., supra.*

The contract was signed by the agent personally, and the witnesses were to his signature. It was not a conveyance of the real estate by the defendant, nor was it so intended; for it is therein stipulated and agreed that, upon the purchase price being subsequently fixed in the manner therein provided, and the execution of the promissory note of the city in payment thereof, the defendant should execute and deliver to the city the necessary deeds and conveyances to give a full and complete title and ownership to the property. No such deeds and conveyances were ever executed and delivered. Nor does the agreed statement of facts show such a compliance with the precedent conditions as to entitle the city thereto. The defendant was the last owner of the real estate in question on the 1st day of April, 1899, and it was properly listed to it. V. S. 368.

*Judgment affirmed.*